KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cedric Jordan, | No. CV 10-1355-PHX-DGC (ECV) |
| Petitioner, | **ORDER** |
| vs. | |
| Charles Ryan, et al., | |
| Respondents. | |

Petitioner Cedric Jordan, who is confined in the Arizona State Prison Complex-Eyman, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and an Application to Proceed *In Forma Pauperis*. The Court will dismiss the Petition.

**I.    Application to Proceed *In Forma Pauperis***

Petitioner's Application to Proceed *In Forma Pauperis* indicates that his inmate trust account balance is less than $25.00. Accordingly, the Application to Proceed *In Forma Pauperis* will be granted. See LRCiv 3.5(b).

**II.   Petition**

Petitioner was convicted in Maricopa County Superior Court, case #CR 2008-120459, of possession or use of narcotic drugs and a probation violation for trafficking stolen property. Petitioner was sentenced to a 2.5-year term of imprisonment. In his Petition,

Petitioner names Charles Ryan as Respondent and the Arizona Attorney General as an Additional Respondent.

Petitioner raises two grounds for relief:

(1) Petitioner is being held beyond the term of his sentence because the Arizona Department of Corrections refuses to calculate his sentence to reflect the five months Petitioner was incarcerated in Maricopa County Jail; and

(2) Petitioner's sentence was "imposed other than in accordance with the sentencing procedures established by rule and statute."

Petitioner affirmatively alleges that he has not presented either of his claims to the Arizona Court of Appeals or the Arizona Supreme Court.

**III.    Failure to Exhaust State Remedies**

A prisoner attacking his state conviction must exhaust state remedies before a federal court will entertain a petition for writ of habeas corpus. Rose v. Lundy, 455 U.S. 509 (1982); Szeto v. Rushen, 709 F.2d 1340 (9th Cir. 1983). The federal court will not entertain a petition for writ of habeas corpus unless each and every issue has been exhausted. Rose, 455 U.S. at 521-22. Exhaustion requires that Petitioner's claims be fairly presented to the highest state court to provide that court with an opportunity to rule on the merits of Petitioner's federal claims. Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985); McQuown v. McCartney, 795 F.2d 807, 809 (9th Cir. 1986).

"To exhaust one's state court remedies in Arizona, a petitioner must first raise the claim in a direct appeal or collaterally attack his conviction in a petition for post-conviction relief pursuant to Rule 32 [Arizona Rules of Criminal Procedure]." Roettgen v. Copeland, 33 F.3d 36, 38 (9th Cir. 1994). The failure to exhaust subjects the Petitioner to dismissal. Gutierrez v. Griggs, 695 F.2d 1195 (9th Cir. 1983). Because Petitioner has not exhausted state court remedies, the Court will dismiss the Petition without prejudice.

**IT IS ORDERED:**

(1) Petitioner's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

1     (2)     The Petition (Doc. #1) and this action are **dismissed without prejudice** for failure to exhaust state court remedies.

    (3)     The Clerk of Court must close this case and enter judgment.

    (4)     Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. See Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Dated this 6th day of July, 2010.

_____
David G. Campbell
United States District Judge